Argued September 6, affirmed September 19, rehearing denied October 16, 1917.

## SEATTLE DOCK CO. *v.* PACIFIC SURETY CO.
### (167 Pac. 510.)

**Principal and Surety—Claims—Discharge.**

1. In an action on a contractor's bond, where defendant claimed that there was a sum due the contractor applicable to the cause of action, and plaintiff contended that such sum had been applied to other claims and to explain his position filed an amended complaint, setting forth such other claims, the six-month limitation provided in the bond was not applicable to those claims to which defendant had already applied sums due under the contract.

**Principal and Surety—Rights of Principal—Advances of Money.**

2. Where a contractor gave a bond to secure performance of a contract to make improvements in a building which required him to

furnish at his own expense all labor, implements, and cartage and to free the building from all liens, etc., the owner of the building may, where the contractor was unable to pay for labor or materials, advance the money and treat it, as a payment on the contract without notifying the surety.

**Principal and Surety—Notice of Default—Contracts.**

3.   A building contractor, who agreed to complete alterations in a building and not to permit or allow any laborers', mechanics' or other liens to be filed on the building, gave a bond conditioned for the faithful performance of the contract, which provided that as a condition precedent to the liability of the surety it should be immediately notified of any breach and that suit should be commenced within six months after completion of the work.   About a month after completion, the owner notified the surety that the contractor had completed the work and that a settlement would be made within forty days thereafter, or as soon as claims and liens on account of the work and materials furnished had been paid or satisfied.   The surety was requested to take such steps as should be necessary to see that all such claims and liens had been satisfied.   *Held*, that the notice was sufficient to inform the surety of the contractor's breach.

   [As to what notice, if any, creditor must give surety in respect to principal's default, see note in 115 **Am. St. Rep.** 94.]

**Principal and Surety—Bonds—Burden of Proof.**

4.   In an action against the surety on a contractor's bond, where default in paying a claim is clearly shown, the surety has the burden of showing that the owner had in its possession sums due the contractor applicable to payment of such claim.

**Principal and Surety—Contractor's Bond—Claims.**

5.   Where the owner of a building sued the contractor's surety on one particular claim, he is not bound to apply to such claim sums remaining from the contract price in preference to other claims equally meritorious.

From Multnomah: GEORGE N. DAVIS, Judge.

Action by the Seattle Dock Company, a corporation against the Pacific Surety Company, a corporation, upon an undertaking given by the defendant to secure the performance of a building contract.   From a judgment in favor of plaintiff, defendant appealed. Affirmed.

Department 1.   Statement by MR. CHIEF JUSTICE McBRIDE.

This is an action upon an undertaking given by defendant as surety for the Mac-Ite Fireproofing Com-

pany to secure the performance by it of a contract to make certain improvements upon the Chamber of Commerce Building in Portland. The original complaint alleged, in substance, that the Mac-Ite Company agreed in said contract that it would not allow or permit any laborers', mechanics', subcontractors' or materialmen's liens to be filed upon said building, but would keep it free from such liens; that it had breached said contract by permitting one R. A. Hume to file a lien upon said building for plaster, sand, and cartage furnished for the same, amounting to $1,871.95; that Hume filed a suit to foreclose said lien and that such suit was then pending, and that should Hume prevail plaintiff would be damaged in the full amount of $1,871.95 and be obliged to pay the same from its own means. The material parts of said contract attached to the original complaint are as follows:

(1) The Mac-Ite Fireproofing Company agreed to furnish at its own expense all material and labor, implements and cartage necessary for the complete performance of the contract, and to perform and complete the contract for the sum of $4,345; (2) that all work and material furnished and performed should be first class and the plaster blocks should be set in such manner that plastering of the building could be done with one coat with putty finish; (3) that the Mac-Ite Fireproofing Company would not allow or permit any laborers', mechanics', materialmen's, or subcontractors' liens to be filed or recorded against said building or premises, or any part thereof, and that said building, structure, and premises should at all times be free from all liens.

The conditions of the bond given by defendant so far as they relate to the matters here considered, are as follows:

(1) That the Mac-Ite Fireproofing Company would faithfully perform the terms and conditions of the

contract; (2) that as conditions precedent to any liability of the Pacific Surety Company as surety upon said bond it should be immediately notified of any breach of said contract on the part of the Mac-Ite Fireproofing Company, or of any act on its part or on the part of its agents or employees which might cause a loss for which the Pacific Surety Company as surety on said bond might be liable, on knowledge of such breach or act coming to the Seattle Dock Company or its agent having supervision of the completion of said contract; and any suit or action to recover any claim against the Pacific Surety Company as surety on said bonds should be commenced within six months after the completion of the work under said contract.

Thereafter and upon the trial plaintiff, at the suggestion and by leave of the court, filed an amended complaint containing all the allegations of the original complaint and the following additional allegations:

That defendant Mac-Ite Fireproofing Company had failed and neglected to furnish and pay for all labor, material, appliances, cartage and hoisting necessary in the completion of said contract, on account of which plaintiff was compelled to and did pay out therefor the sum of $551.20 to its damage in that sum; that the said defendant failed and neglected to set the said plaster blocks in such manner that plastering could be done with one coat with putty finish, and that plaintiff was thereby compelled to put an extra coat of plaster over the same, for which it was compelled to pay $975, to its damage in that amount.

It is alleged that the Mac-Ite Company was insolvent and had been adjudged a bankrupt.

In its answer to the amended complaint defendant alleged:

That said contract was completed on the 22d day of December, 1910, and that in doing and performing this work under this contract defendant Mac-Ite Fire-

proofing Company had performed certain extra work in the sum of $263.62, which in addition to the contract price of $4,345 made the total amount earned thereunder by the defendant Mac-Ite Fireproofing Company the sum of $4,608.62; that of this sum so earned plaintiff had paid to defendant Mac-Ite Fireproofing Company and upon its order the sum only of $3,029.98, leaving a balance due and owing and applicable to the Hume lien in the sum of $1,578.64, which was more than sufficient to pay off the judgment and decree upon the Hume lien including attorneys' fees, costs, and disbursements.

To the other matters alleged in the amended complaint the defendant answered in substance:

(1) That said defendant Pacific Surety Company was never immediately or at all notified of said alleged breach of said contract; (2) that said contract was completed on or about the 22d day of December, 1910, that this action upon said alleged breach of said contract was not commenced until the filing of said amended complaint, on or about the 2d day of July, 1914, more than three years and six months after the completion of said contract, and that said action thereon was barred by the terms and conditions of said bond in suit.

The same defenses were pleaded to the claim set out in the amended complaint to the effect that the Mac-Ite Fireproofing Company failed and neglected to set said plaster blocks in such manner that plastering could be done with one coat with putty finish, to plaintiff's damage in the sum of $975. The reply denied the new matter in the answer. There was no prayer in the amended complaint for any recovery upon the additional matters pleaded therein, but a recovery was sought solely on account of the failure of the Mac-Ite Company to protect the building from the Hume lien.

There were findings and a decree for plaintiff for $1,386.11 and costs, from which defendant appeals.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Crawford & Eakin,* with an oral argument by *Mr. Thomas H. Crawford.*

For respondent there was a brief and an oral argument by *Mr. John B. Cleland.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. The evidence discloses a clear breach of the bond so far as the Hume lien is concerned, and the plaintiff is entitled to recover unless such recovery is precluded by the matters hereafter discussed. The defendant in its answer to the claim upon the breach occasioned by the Mac-Ite Company allowing Hume to obtain a lien alleged that plaintiff's contract with the Mac-Ite Company was completed December 22, 1910; that an action to recover upon the two last alleged breaches was not commenced until after the expiration of six months from such date, and was, therefore, barred by the conventional limitation prescribed in the bond; that the bond prescribed that defendant should be immediately notified of any breach of the contract, but that it had never been notified of the last two breaches, and that plaintiff was entitled to take nothing on account of them. It is evident that the two payments, one of $551 on account of the Mac-Ite Company's failure to pay for labor, etc., and the other of $975 by reason of a failure of said company to set the plaster blocks in such manner that the plastering could be done with one coat of plaster finish, were not pleaded as substantive causes of action, but were set up in accordance with the

views of the court to explain clearly what had been done with the alleged balance in the hands of the plaintiff, which defendants insisted should be applied to extinguish the Hume lien. Therefore, the claim as to these matters, that they are barred by the six months' limitation provided in the bond, is not available.

2, 3. The evidence shows clearly that the Mac-Ite Company and defendant were repeatedly and seasonably notified that the Mac-Ite Company was not carrying out its contract in regard to the quality of the blocks placed in the building and that their failure to so carry out the contract constituted a breach thereof, and, therefore, there was evidence to justify the finding of the court on this branch of the case.

4. As to the other claim of $551 expended by plaintiff on account of the Mac-Ite Company's failure to pay laborers promptly it appears from the evidence that these were legitimate claims and the subjects of a lien, that plaintiff was compelled to advance the money to pay many of them during the progress of the work, and that it became liable to pay them all. The payment or assumption of these claims amounted, in effect, to a payment to the Mac-Ite Company upon the contract and was not in any way a violation of any term of the bond. If the Mac-Ite Company was unable to pay for labor or materials furnished, the plaintiff had a right to advance the money and treat it as a payment upon the contract without notifying the defendant, although it was notified by a letter dated January 27, 1911, that the Mac-Ite Company had completed its contract on December 22, 1910, and that settlement would be made with them within 40 days thereafter, or as soon as claims and liens on account of work performed or materials furnished had been paid and satisfied as provided by the contract; and it was requested to take

such steps as should be necessary to enable it to see that all such claims and liens had been satisfied. This was all the notice that could reasonably have been given or expected, and we think it complied substantially with the provision in the bond which required that defendant should be immediately notified of any breach of the contract or of any act on the part of the Mac-Ite Fireproofing Company which might create a loss for which the surety would be liable upon a knowledge of such act coming to the knowledge of the plaintiff or its agent having supervision of the completion of said contract. Of course, it was impossible for the plaintiff or its agent to know accurately the details of every transaction of the Mac-Ite Company with its laborers or persons furnishing materials, but this general notice would put the defendant upon inquiry as to the transactions of its principal and enable it to take steps to protect itself from possible loss. It does not appear that the defendant took any such steps or did anything except to file away the notices sent to it, or at best to inquire of the Mac-Ite Company as to its version of the matters touched upon in the letters of plaintiff's architect. In this case plaintiff has brought action upon a single default, viz., the matter of the Hume lien. That default being clearly proved it devolved upon the defendant to show affirmatively that plaintiff had in its hands moneys of the Mac-Ite Company which it should justly apply to the satisfaction of the amount paid Hume. This it attempted to do.in part by showing that plaintiff had paid $511 which should have been applied upon other claims against the building concerning which no notice of default had been given defendant, and by certain claims of the Mac-Ite Company for extra work.

5. We know of no law which required plaintiff to apply this $511 to the claim secured by defendant's bond in preference to other claims equally meritorious, and we discover nothing in the conditions of the bond that requires it to do so.

The judgment is affirmed.

AFFIRMED.    REHEARING DENIED.

MR. JUSTICE BENSON, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS concur.